## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Glen A. Doyer, Jr.

v.

Sonya Debose

August 6, 2007

Case No. (Civil) 02665 VC

BY JUDGE H. VINCENT CONWAY, JR.

This matter is before the court for trial *de novo* upon an appeal from the general district court (civil division) after a ruling which sustained the defendant's plea in bar based on the statute of limitations. The defendant again moves this court to grant the plea in bar, and argument of counsel has been heard.

This matter concerns a traffic incident that occurred on April 24, 2004, with a resulting claim for personal injuries, and was initially commenced on December 8, 2005, by a notice of motion for judgment for $15,000, filed in the general district court, with a return date of January 31, 2006. No service was made on the defendant; no appearance was made by the plaintiff on the return date; neither the plaintiff nor his counsel made any request of or provided any other information to the court on or before the return date; and the court dismissed the matter without prejudice.

Several months later, after making further inquiries concerning the current location of the defendant, but more than two years after the incident, plaintiff's counsel contacted the court to request service on the defendant through the Division of Motor Vehicles. The clerk instructed counsel to refile the case, since no matter remained pending on the court's docket. The plaintiff refiled the same notice of motion for judgment on August 15, 2006; service was obtained; and the defendant filed a plea in bar contending that the claim was filed more than two years after the incident. At the hearing, the plaintiff

argued that, although the refiling occurred more than two years after the incident, the initial filing in December 2005 tolled the limitation period under § 8.01-275.1, Code of Virginia, 1950, as amended, and that he had one year to secure service; that, essentially, the refiling was not necessary; and that the court should now deem the suit properly served within one year of filing. After hearing the argument of the defendant, the court granted the plea in bar, finding that no case remained pending after it was removed from the docket for no service and that the applicable statute had run; that matters which are not served within sixty days of the commencement of the action are marked "no service" and removed from the docket; that matters served within five days of the return date are also marked "no service" and stricken from the docket; that, once removed from the docket, the case is no longer pending; and that the court had no authority to reissue a motion for judgment under § 16.1-69.48:2, when no service is made.

In the circuit court, the parties have reargued their respective positions, and the issue, as framed by counsel, concerns the applicability of § 8.01-275.1, to general district court proceedings so as to toll the statute of limitations upon filing and allow service within one year. If § 8.01-275.1 does apply, as the plaintiff contends, service of process was made within the requisite one-year period and the case as initially filed is still pending; if it does not apply, the statute has run, and it is too late for plaintiff to pursue the claim if a new action must be commenced.

The court has reviewed the opinion of Judge Gary E. Mills holding that § 8.01-275.1 is not applicable and does not supersede the specific provisions of § 16.1-69.48:2 and the prohibition on reissuance of notices of motion for judgment. The court has also reviewed the memorandum provided by the legal research department of the Office of the Executive Secretary, Supreme Court of Virginia, which contends that the preferred analysis is that § 8.01-275.1 is applicable and should toll the relevant statute of limitations upon filing, just as it does in circuit court proceedings.

The most difficult task in any legal analysis is to determine precisely what the proper question is. Counsel would have the court address the conflict between these competing statutes to resolve this pending case. This case, however, can be resolved without resort to or resolution of this conceded conflict. This does not mean that the issues are not significant or should not be addressed by the General Assembly, but only that this court does not need to decide these issues to resolve this case.

On the initial return date, in January 2006, there was no appearance by the plaintiff or counsel. There was no communication to the court or any request to continue the matter pending proper service. Judges are not

clairvoyant and are not familiar with the specific facts or legal issues of each case, until educated by counsel or the parties. When there is no appearance by the plaintiff or counsel on a return date and no information otherwise provided to the court, it is not improper for the court to dismiss and remove the matter from the docket without prejudice. The same result would occur in the circuit court if the plaintiff failed to appear without explanation. If removed from the docket in this manner, there would be no case pending. Any limitation statute would run. Counsel may very well have been aware that service had not been effected and that therefore no proceedings could occur, but no request was made to the court to do anything. If a request had been made to the court to continue the matter to allow for effective service and denied based on the statutory limitation in reissuing notices for motion for judgment, then, on appeal, the matter would be addressed by this court. Here, however, it was several months after the case was removed before contact was made with the court and new service requested. It could not then reissue new service on a matter dismissed and removed from the docket and no longer pending. Counsel should be well aware that, if you do not appear on the return date or trial date and do not advise the court what action you want the court to take, your case may be dismissed. It is not the function of the court to speculate on what actions may provide a benefit to one party or the other and then take action *sua sponte*.

The case the plaintiff claims was "filed" and tolled the statute is not before this court on appeal. It was removed from the docket and is no longer pending. The refiled case is before this court, and that was filed after the limitation period. No appeal was perfected with reference to anything the court did when there was no appearance and no service on the initial return date of the first case. And no request was made to the general district court to do anything with respect to this case until long after its judgment had become final. There is nothing inappropriate in the removal of the case from the docket based on lack of prosecution. This court is unable to find any authority or other legal rationale that would require the general district court to retain "no service" cases on the docket for a year, especially when there is no appearance or any evidence or other indication that the plaintiff will ever pursue the claim.

Accordingly, the plea in bar of the statute of limitations will be sustained, this court finding that the case before this court was filed more than two years after the incident in question; that this matter is not a continuation of a previous case removed from the docket when no service was made and no appearance was made by the plaintiff or counsel on his behalf; that any appeal of the court's decision with regard to the initial filing would be untimely; and

that without addressing the issue of whether the general district court is correct in its analysis of the limitation imposed by § 16.1-69.48:2, there is no known requirement in docketing procedures that would require the general district court to keep all "no service" matters on the docket for one year after the return date to see if it will be prosecuted by the plaintiff.

The plea in bar of the statute of limitations having been sustained, this case is dismissed and removed from the docket, with exceptions allowed to the plaintiff, and the clerk is directed to place same among the ended causes after sending copies hereof to Lowell A. Stanley, Esq., counsel for the plaintiff, and Michael L. Atlee, Esq., counsel for the defendant.