# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Yesenea Del Carman Samayoa-Bolanos

v.

Shavon Marie Williams

Case No. CL1402949F-15

Fredis A. Guevara-Antunez

v.

Shavon Marie Williams

Case No. CL1402950P-03

August 12, 2015

By Judge Timothy S. Fisher

The following constitutes the ruling of the court on the defendant's Plea in Bar as it applies to both of the above cases, which were consolidated for trial.

After the hearing, I wanted to review Judge Conway's decision in *Doyer v. Debose* in 2007 [73 Va. Cir. 490], which was attached to the defendant's memorandum in support of the Plea in Bar, and that order further mentioned an opinion of Judge Gary E. Mills (then sitting in the General District Court), and a memorandum provided by the Legal Research Department of the Office of the Executive Secretary of the Supreme Court of Virginia.

Both of those opinions were contained in the original *Doyer v. Debose* file from 2007, which I have subsequently reviewed. Although the opinions to judges from the Office of the Executive Secretary are frequently considered to be confidential, it is mentioned in Judge Conway's opinion and contained in the file.

The facts of this case are not in dispute, as they concern the dates of pleadings filed in the General District Court. The original two general district court actions were filed on December 21, 2012, and set for a return date on January 24, 2013.

The date of the accident which is the subject of both claims was May 17, 2011; thus, the original filing was within the statute of limitations. There was no service on the defendants and, effectively, that was, and still is, the status of those cases as reflected on the Newport News General District Court's web site. The disposition of those cases are simply listed as "not found — unserved."

New warrants in debt were filed on July 1, 2013. Merely considering the date of accrual of the causes of action and the date of the filing of those warrants in debt, the filing of those warrants in debt was outside of the two year period of statute of limitations, it having accrued on May 17, 2011. Those warrants in debt were then nonsuited, and the third set of warrants in debt were filed, which were filed within six months of the taking of the nonsuits. And those warrants in debt were both dismissed on September 2, 2014, with prejudice. Both were then appealed to the Circuit Court and consolidated now for trial and in this hearing.

Judge Conway's opinion in *Doyer v. Debose* provides an explanation of both the opinion of the Executive Secretary of the Supreme Court and that of Judge Mills and determined on similar facts that the statute of limitations was not tolled sufficiently in that case and, therefore, dismissed the action on the statute of limitations.

In this case, plaintiff's counsel draws a distinction between the *Doyer v. Debose* case because the motion for judgment in the *Doyer v. Debose* case was "dismissed without prejudice" on the return date; although similar to this case, there was no service and no appearance by either party on the return date in *Doyer v. Debose* on January 24, 2013.

Rule 7B:8, applicable to General District Court — Civil, provides in subsection (a) that "if neither the plaintiff nor the defendant appears, the court shall dismiss the action without prejudice to the right of the plaintiff to refile."

In this case, a copy of the warrant in debt with the return date of January 24, 2013, appears to have no annotation by a judge of any kind.

Plaintiffs' lawyer in the hearing did represent that he had called the court before the return date and was advised that there was no service and that he was aware that the case would not even be called because there was no service so he did not come to the Newport News General District Court.

There is a reasonable inference to be made that the case was not called, as no one was present and the file might not even have been in the court with the judge for any annotation on the warrant regardless of the existence of the rule, which would require the court to dismiss the matter "without prejudice" if neither the plaintiff nor the defendant appear.

Whether the warrant was actually in the courtroom or not, for the judge to take any action on the paperwork is not dispositive one way or the other, as it appears that no action was taken on that day.

Both parties agree that Va. Code § 8.01-229(E)(1) would allow the plaintiffs in this case the benefit of the time between December 21, 2012, and the first return date of January 24, 2013, to be found to have tolled the statute of limitations and that the plaintiffs would receive credit for that for the filing on July 1, 2013.

However, that period of tolling is only 34 days which would then mean that the refiling would have to have occurred no later than June 20th of 2013 and, therefore, the refiling on July 1, 2013, would be time barred if only the period between December 21, 2012, and January, 24, 2013, is considered credited to the plaintiffs, as not counting against them on the statute of limitations.

*Doyer v. Debose* was assisted by the fact that the court entered a decision on the return date "dismissing the motion for judgment without prejudice." Pursuant to Va. Code § 8.01-229(E)(1), there was not a dismissal or an applicable nonsuit in this case. So, the question then arises what was the meaning of the term "abatement" in the statute as it may apply to this case. The definition of the term "abatement" all by itself does not appear in a reported case and, presumably, the use of the term in the code section refers to perhaps a granting of a motion in abatement or a "plea in abatement" (now abolished). The importance of the definition is in establishing a date upon which the statute of limitations stops being tolled.

In *Doyer v. Debose*, the dismissal without prejudice was entered and, clearly, the statute of limitations stopped being tolled on that day.

It is not as clear in this case, as, on the return day, the matter simply was not acted upon by the court, because there was no service on the defendant, although neither party also appeared which could have supported a dismissal without prejudice, as was done in the *Doyer v. Debose* case.

That having not been done, the defendant claims that the tolling of the statute stopped on the return day and only restarted at the time of the refiling, which was outside the original statute of limitations.

The plaintiff claims that, pursuant to Va. Code § 16.1-69.48:2, because that code section provides that service of process on a warrant in debt could be reissued:

> once by the court or clerk at the court's direction by changing the return day of such process, for which service by the court or clerk there shall be no charge; however, reissuance of such process shall be done within three months after the original return day.

If the plaintiff is entitled to have the matter extended by reissuance after the initial return date where there is no service of process, the plaintiff claims

that the statute of limitations is actually tolled during that three month period whether or not reissuance is requested.

That code section is somewhat analogous to Va. Code § 8.01-275.1, which is addressed in the legal opinion of the Office of the Executive Secretary and provides that service of process is valid so long as served within one year after the institution of the action against the defendant. The Office of the Executive Secretary further states that code section is specifically referred to in § 16.1-69.55(B)(1) regarding record retention in the district courts that allows documents of civil proceedings to be destroyed after twenty-four months from the last return date where there was no service of process.

It is interesting to note that Va. Code § 16.1-69.48:2 is in the "financial" section of the general district court statutes and § 16.1-69.55(B)(1) is in the records retention section of the Code relative to general district courts and neither one specifically appears to have been intended to address a statute of limitations or tolling thereof.

Nevertheless, Va. Code § 8.01-275.1, even though mentioned in a general district court code section, specifically applies to the circuit courts where matters can be filed without a requirement for immediate service of process on the defendants. Hence, the one year period is in effect a limitation on the service of process, implying the service of process on circuit court filings should be done within one year of filing, although there may or may not be some exceptions that are not applicable here.

It is clear in the general district court code sections that service of process is part of the filing, particularly as it applies to warrants in debt, as, in this case, it is found in Va. Code § 16.1-79.

Service of process is required to be served to require a defendant to appear in court on a certain day "not exceeding sixty days from the date of service thereof" and, in Va. Code § 16.1-80, "not less than five days before the return day."

It appears the Newport News General District Court requires cases to be set within the sixty day period, which is a local custom or practice and not entirely apparent to be required by those two code sections; however, regardless, service of process is required on warrants in debt being filed in the General District Court by statute; so, they simply cannot be filed and left dormant to toll the statute of limitations without service of process being issued.

The additional time period contained in Va. Code § 16.1-69.48:2 that "reissuance of such process shall be within three months after the original return day" is an additional limitation on time.

Since the matters were refiled on July 1, 2013, and all parties will agree that that filing date would be within the tolled period of the statute of limitations if Va. Code § 16.1-69.48:2 applies, I will leave it to others to determine whether or not a warrant in debt filed with service not being

found against the defendant could in fact toll the statute of limitations up to and including the one year as provided by Va. Code § 8.01-275.1 to others, as that determination is not necessary to the decision in this cause.

Since process can be reissued under Va. Code § 16.1-69.48:2 for cases where service was "not found," it is clear such a warrant in debt is still "pending" on the docket for that three month period and has not been dismissed, abated, or nonsuited.

Since Va. Code § 16.1-69.48:2 specifically applies to the reissuance of process within three months of the return date, which is ninety days and that all agree that the statute of limitations was tolled from December 21, 2012, through the original return date of January 24, 2013, thirty-four days, that would extend the original statute of limitations by 124 days which when added to May 17, 2011, accrual date clearly makes July 1, 2013, the refiled date within the tolled statute of limitations.

Accordingly, giving due credit to the Honorable H. Vincent Conway, Jr., and the Honorable Gary A. Mills (now sitting on the Newport News Circuit Court) credit for their assistance with this opinion, the defendant's Plea in Bar in the consolidated cases is denied.